# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WALLACE WILLOUGHBY and<br>BETH WILLOUGHBY, | ) <br>) <br>) | |
| Plaintiffs, | ) <br>) | |
| v. | ) <br>) | No. 4:07CV1156 JCH |
| BERTON MOED, et al., | ) <br>) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Berton Moed's and Jessica McMichael's separate Motions to Dismiss Plaintiffs' Complaint, filed December 7, 2007. (Doc. Nos. 11, 15). Plaintiffs have not responded to Defendants' motions, and their time for doing so has passed.

Plaintiffs filed this action against Defendant physicians, Berton Moed, Gerald Benecki, and Jessica McMichael, alleging that Defendants committed medical malpractice when they failed properly to treat Plaintiff Wallace Willoughby.[1] Plaintiffs claim that Defendants failed to adhere to the "standard of care," and were negligent in numerous ways during a surgical procedure they undertook on Plaintiff Wallace

---

[1] Plaintiffs have also named John Does 1 and 2 as Defendants in this action, identified in the Complaint as "individuals or entities involved with the medical care and treatment [of Plaintiff Wallace Willoughby]." (Compl., ¶ 1).

Willoughby's right hip.  Plaintiff Beth Willoughby additionally seeks relief for a loss of consortium.  Defendants contend Plaintiffs' Complaint should be dismissed for failure to file a required health care affidavit along with their Complaint, as mandated by Section 538.225 of the Missouri Revised Statutes.

## LEGAL STANDARD

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiffs.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Additionally, the Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted).  A motion to dismiss must be granted if the Complaint does not contain, "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Id. at 1965 (citations omitted).

## DISCUSSION

Missouri law requires a plaintiff in a medical malpractice action to file a health care affidavit.

> In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

Mo.Rev.Stat. § 538.225.1.

Plaintiffs' claims for medical malpractice and loss of consortium are claims for personal injury, and thus fall within the ambit of the statute. Mo.Rev.Stat. § 538.225; see also Novak v. Kansas City Transit, Inc., 365 S.W.2d 539, 543 (Mo. 1963) (noting that when a married person is injured, two causes of action arise: one accrues to the injured person for the injuries suffered directly by him or her, and the other accrues to the injured person's spouse for damages suffered as a result of the loss of the injured person's services, society, companionship, and sexual relations). Plaintiffs have failed to file a health care affidavit within the time frame provided by the Missouri statute, and as such, this Court is required to dismiss their action at this time. Even if the Court allowed an extension of time for filing the affidavit, the time allowed, 180 days from the filing of the Complaint, has already expired. See Mo.Rev. Stat. § 538.225.5 ("Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not

to exceed an additional ninety days."); Brown v. Luckett, 2007 WL 2245830 (E.D. Mo. Aug. 1, 2007). Accordingly, Plaintiffs' Complaint must be dismissed, without prejudice, with respect to Defendants Moed and McMichael, for failure to state a claim upon which relief may be granted. Given this Court's finding that the instant Complaint fails to state a claim upon which relief may be granted, the Court will also dismiss Plaintiffs' Complaint as to the unserved Defendants, Gerald Benecki, and John Does 1 and 2, pursuant to 28 U.S.C. § 1915(e)(2)(B) (noting that the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Berton Moed's and Jessica McMichael's separate Motions to Dismiss Plaintiffs' Complaint (Doc. Nos. 11, 15) are **GRANTED**, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Mo.Rev.Stat. § 538.225, and Plaintiffs' Complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants Gerald Benecki and John Does 1 and 2 are **DISMISSED** from this action, pursuant to 28 U.S.C. § 1915(e)(2)(B), because the claims against them are frivolous and/or fail to state a claim upon which relief may be granted.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of February, 2008.

                                              /s/ Jean C. Hamilton
                                              UNITED STATES DISTRICT JUDGE